IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| Flor Esthela Cerda de Ruiz, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-cv-43 |
| | § | |
| Almanza Villarreal Forwarding, LLC, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

1. This is an action brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), specifically the Emergency Paid Sick Leave Act, 29 C.F.R. § 826.10 *et seq.* ("EPSLA"); the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"); and Chapter 21 of the Texas Labor Code, Tex. Lab. Code § 21.001 *et seq.* ("Chapter 21"), by Plaintiff Flor Esthela Cerda de Ruiz against her former employer Defendant Almanza Villarreal Forwarding, LLC. Ms. Cerda de Ruiz was terminated while on leave due to her and her daughter's disabilities that made both particularly vulnerable to COVID-19.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Ms. Cerda de Ruiz's claims under the FFCRA and ADA pursuant to 28 U.S.C. § 1331 (Federal Question).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Ms. Cerda de Ruiz's claims arising under state law because these claims are so related to the federal claim that they form part of the same case or controversy.

4.  Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

## PARTIES

6.  Plaintiff Flor Esthela Cerda de Ruiz is a natural person residing in Hidalgo County, Texas.

7.  Defendant Almanza Villarreal Forwarding, LLC, is a Texas corporation with locations in Laredo, Texas, and Hidalgo, Texas.

## REQUEST FOR JURY TRIAL

8.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ms. Cerda de Ruiz demands a trial by jury.

## ADMINISTRATIVE EXHAUSTION

9.  On March 15, 2021, Ms. Cerda de Ruiz timely filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination and retaliation in violation of the ADA and Chapter 21. Her charge was simultaneously filed with the Texas Workforce Commission Civil Rights Division ("TWCCRD").

10. More than 180 days after filing her charge, Ms. Cerda de Ruiz received a Notice of Right to Sue from the EEOC dated May 18, 2022. Ms. Cerda de Ruiz has timely filed this lawsuit within 90 days of the Notice of Right to Sue on her Title VII claims.

11. The TWCCRD failed to resolve the charge within 180 days.

12. Ms. Cerda de Ruiz has satisfied all administrative prerequisites to this suit and has exhausted all conditions precedent.

## STATEMENT OF FACTS

13. Ms. Cerda de Ruiz began her employment with Defendant in 1999. At the time of her termination, she was employed by Defendant in accounts receivable.

14. Monica L. Guzman Almanza and Cesar F. Guzman Almanza are the directors of Almanza Villarreal Forwarding, LLC.

15. Ms. Cerda de Ruiz was first diagnosed with diabetes around 2008.

16. Ms. Cerda de Ruiz's daughter, Aryanna Ruiz, was born in 2017. Aryanna began experiencing medical issues in 2019, after which she was diagnosed with asthma and lung problems that required ongoing medical attention.

17. Around April 3, 2020, Ms. Cerda de Ruiz's doctor informed her that she was at high risk for serious illness from COVID-19 due to her diabetes. The doctor referred her to an endocrinologist who specialized in diabetes with whom she scheduled an appointment for May 22, 2020.

18. Around April 28, 2020, Ms. Cerda de Ruiz asked her supervisor, Mr. Guzman, to be able to work from home to reduce her exposure to COVID-19 because of her disability and her daughter's disability, on the advice of her doctor and daughter's doctor.

19. Ms. Cerda de Ruiz was qualified to do her job and could perform her billing and accounting responsibilities while working from home without undue burden to her employer.

20. When Ms. Cerda de Ruiz proposed the accommodation of working from home to Mr. Guzman, he did not engage in the interactive process to determine a reasonable accommodation, as required by the ADA. Instead, Mr. Guzman refused Ms. Cerda de Ruiz's request and indicated he was unwilling to accommodate her needs.

21. Upon information and belief, other employees, who did not have disabilities or children with disabilities, were permitted to work from home.

22. Around March or April of 2020, Ms. Cerda de Ruiz's daughter's day care facility informed her that her daughter could no longer attend day care because of COVID-19 policies. She notified Mr. Guzman.

23. Since her own doctor and her daughter's doctor recommended that Ms. Cerda de Ruiz not work in the office and since she had been informed that she could no longer take her daughter to the day care because of COVID-19 policies, Ms. Cerda de Ruiz asked Mr. Guzman if she could take six weeks of leave under the FMLA or another law. Mr. Guzman and Ms. Guzman denied her request stating that the FMLA did not apply to her.

24. On May 21, 2020, Ms. Cerda de Ruiz emailed Mr. Guzman again asking to take leave because of her and her daughter's medical conditions and reminded Mr. Guzman that she had an appointment with a diabetes specialist the next day. She attached a letter dated May 19, 2020 from her daughter's doctor recommending that she work from home because of her daughter's "underlying lung problems."

25. Also on May 21, 2020, Ms. Cerda de Ruiz again requested to take leave by speaking to Ms. Guzman. Ms. Guzman agreed that Ms. Cerda de Ruiz could take two weeks of paid time off, followed by an additional four weeks of unpaid leave. Ms. Guzman told her to call back in June to confirm whether she would need the last two weeks of unpaid leave. Ms. Guzman then instructed her to fill out and submit a leave request in the employer's online system, which Ms. Cerda de Ruiz did.

26. Ms. Cerda de Ruiz used her accrued paid time off to take paid leave beginning May 22, 2020 through June 5, 2020.

27.　　On or around June 5, 2020, Ms. Cerda de Ruiz received a pay stub for 48 hours of vacation pay, 6.5 hours of holiday pay, and 13.1 hours of regular pay for the period from May 20, 2020 to June 2, 2020.

28.　　Ms. Cerda de Ruiz called and spoke with Mr. Guzman on June 4, 2020 and Ms. Guzman on June 5, 2020 and informed them that she would continue to take unpaid leave and had applied for unemployment benefits because she would no longer be getting paid while on leave.

29.　　Ms. Cerda de Ruiz was not notified by the Defendant that her requests for leave had been denied or that her employment had been terminated.

30.　　In July 2020, Ms. Cerda de Ruiz learned that her job of over two decades had been terminated when she received a letter dated July 10 from her retirement account provider regarding her employment change and another letter dated July 14 from her life insurance provider that her premium would no longer be paid by her employer.

31.　　In its position statement submitted to the EEOC dated April 23, 2021, the Defendant represented that because Ms. Cerda de Ruiz did not show up to work on June 8, 2020, it considered her to have abandoned her job.

32.　　The unlawful employment practices Ms. Cerda de Ruiz complains of in the preceding paragraphs were intentional.

33.　　Defendant acted with malice or with reckless disregard and/or conscious indifference to Ms. Cerda de Ruiz's protected rights to be free from discrimination and retaliation.

34.　　Defendant's actions were and are the direct and proximate causes of Ms. Cerda de Ruiz's damages in this case.

35. As a result, Ms. Cerda de Ruiz is entitled to an order making her whole, including an order awarding her back pay and other benefits associated with employment, future lost wages, pecuniary damages in the past and in the future, and non-pecuniary damages, including without limitation mental anguish, emotional pain and suffering, and loss of enjoyment of life in the past and in the future. As Defendant's actions were willful, Ms. Cerda de Ruiz is entitled to recover exemplary or punitive damages.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: EPSLA

36. Ms. Cerda de Ruiz reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

37. Ms. Cerda de Ruiz was entitled to paid sick leave under the EPSLA, 29 C.F.R. § 826.20(a)(1), because:

   a. she was advised by a health care provider to self-quarantine due to concerns related to COVID-19;

   b. she was caring for an individual who was advised by a health care provider to self-quarantine due to concerns related to COVID-19; and

   c. she was caring for her daughter whose child care provider was unavailable for reasons related to COVID-19.

38. Ms. Cerda de Ruiz requested paid sick leave from the Defendant due to qualifying reasons under the EPSLA.

39. Defendant is a covered employer under the EPSLA as specified in 29 C.F.R. § 826.40(a) because it employs fewer than 500 employees.

40. Defendant did not provide Ms. Cerda de Ruiz with two weeks of eligible leave at her regular rate of pay, as required by the EPSLA.

41. Defendant additionally violated the EPSLA by discharging, disciplining, or discriminating against Ms. Cerda de Ruiz for seeking protection and paid leave under the EPSLA. 29 C.F.R. § 826.150(b)(2).

42. By requesting leave under the EPSLA, Ms. Cerda de Ruiz engaged in protected activity under the FLSA. 29 C.F.R. § 826.150(b)(2).

43. Defendant retaliated against Ms. Cerda de Ruiz for engaging in protected activity by terminating her employment.

44. Defendant's retaliation against Ms. Cerda de Ruiz for engaging in protected activity constitutes a violation of the FLSA within the meaning of 29 U.S.C. § 215(a). *See* Exhibit A, Consent to Sue Under the FLSA.

**SECOND CAUSE OF ACTION: TITLE I OF THE ADA**

45. Ms. Cerda de Ruiz reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Ms. Cerda de Ruiz is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1). Ms. Cerda de Ruiz has a physical or mental impairment, including, but not limited to, diabetes, that substantially limits major life activities, including, but not limited to, the endocrine system, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

47. Ms. Cerda de Ruiz's daughter, Aryanna Ruiz, is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1). Aryanna Ruiz has a physical or mental impairment, including, but not limited to, asthma, that substantially limits major life activities, including, but

not limited to, the respiratory system, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

48. Defendant is a covered entity under the ADA, 42 U.S.C. § 12111(2), in that Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is engaged in an industry affecting commerce.

49. At all times relevant to this complaint, Ms. Cerda de Ruiz was Defendant's "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4).

50. Defendant violated Title I of the ADA by:

   a. failing or refusing to make a reasonable workplace accommodation after Ms. Cerda de Ruiz requested an accommodation;

   b. terminating Ms. Cerda de Ruiz's employment because of her disability;

   c. terminating Ms. Cerda de Ruiz's employment because of her association with a person with a disability, her daughter;

   d. retaliating against Ms. Cerda de Ruiz for engaging in protected activity under the ADA; and

   e. interfering with her rights protected by law by terminating her employment after she engaged in protected activity by requesting a reasonable workplace accommodation.

### THIRD CAUSE OF ACTION: CHAPTER 21 OF THE TEXAS LABOR CODE

51. Ms. Cerda de Ruiz reasserts and incorporates by reference the preceding paragraphs as if fully set forth herein.

52. Ms. Cerda de Ruiz is an individual with a disability as defined by the Texas Labor Code § 21.002(6). Ms. Cerda de Ruiz has a physical or mental impairment, including, but not limited to, diabetes, that substantially limits major life activities, including, but not limited to, her endocrine system, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

53. Ms. Cerda de Ruiz's daughter, Aryanna Ruiz, is an individual with a disability as defined by the Texas Labor Code § 21.002(6). Aryanna Ruiz has a physical or mental impairment, including, but not limited to, asthma, that substantially limits major life activities, including, but not limited to, the respiratory system, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

54. At all times relevant to this complaint, Ms. Cerda de Ruiz was Defendant's "employee" within the meaning of Texas Labor Code § 21.002(7).

55. At all times relevant to this complaint, Defendant was Ms. Cerda de Ruiz's "employer" within the meaning of the Texas Labor Code § 21.002(8) in that Defendant was engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

56. Defendant violated the TCHRA by:
    a. failing or refusing to make a reasonable workplace accommodation after Ms. Cerda de Ruiz requested an accommodation;
    b. terminating Ms. Cerda de Ruiz's employment because of her disability;
    c. terminating Ms. Cerda de Ruiz's employment because of her association with a person with a disability, her daughter;

d. retaliating against Ms. Cerda de Ruiz for engaging in a protected activity under the ADA; and

e. interfering with her rights protected by law by terminating her employment after she engaged in protected activity by requesting a reasonable workplace accommodation.

## ATTORNEY'S FEES

57. It was necessary for Ms. Cerda de Ruiz to secure the services of counsel, Texas RioGrande Legal Aid, to preserve her rights and prosecute this lawsuit. Defendant should be ordered to pay reasonable attorney's fees, expenses including litigation expenses, and costs associated with prosecuting this suit and appeals to any other court in accordance with 29 U.S.C. § 216(b), 42 U.S.C. §12205, and Texas Labor Code § 21.259.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cerda de Ruiz requests that this Court grant her the following relief:

A. Award Plaintiff back pay and damages for lost wages, employment benefits, and other compensation lost from the date of termination;

B. Order Defendant to reinstate Plaintiff to her position of employment with Defendant at a pay rate commensurate with her continued employment from the date of termination to the date of such reinstatement, or award Plaintiff front pay in lieu of reinstatement;

C. Award Plaintiff compensatory damages for her past and future pecuniary and non-pecuniary losses;

D. Award Plaintiff punitive damages for Defendant's acts of intentional discrimination, interference, and retaliation;

E. Award Plaintiff pre- and post-judgment interest, as provided by law;

F. Award Plaintiff her reasonable attorney's fees, costs, and expert witness fees; and

G. Grant Plaintiff such other and further relief as may be authorized by law and deemed appropriate by this Court.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID

 /s/ Nicole Bucheri
Nicole Bucheri
Texas Bar No. 24095388
S. Dist. N.: 2998398
nbucheri@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
Telephone (956) 982-5552
Fax (956) 541-1410
Attorney-in-Charge for Plaintiff

/s/ A. Vail Kohnert-Yount
A. Vail Kohnert-Yount
Texas Bar No. 24123305
akohnertyount@trla.org
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
Telephone (956) 364-3801
Fax (956) 541-1410
(*Pro hac vice* motion forthcoming)

**ATTORNEYS FOR PLAINTIFF**